302 So.2d 1 (1974)
STATE of Louisiana
v.
Clayton ARCENEAUX.
No. 54747.
Supreme Court of Louisiana.
October 11, 1974.
*2 Emile A. Carmouche, Crowley, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Nathan Stansbury, Dist. Atty., Ronald E. Dauterive, Asst. Dist. Atty., for plaintiff-appellee.
SUMMERS, Justice.
Clayton Arceneaux was charged by bill of information with aggravated burglary on August 20, 1970. He was convicted and sentenced to serve eighteen years imprisonment. In pertinent part the bill of information read that he
"... committed aggravated burglary of the dwelling of Una Mae Hargrave in that he did without authority enter the said dwelling where a person, to-wit: Una Mae Hargrave, was present with the intent to commit a felony therein, and did then and there commit a battery upon said Una Mae Hargrave while in said dwelling in violation of the provisions of R.S. 14:60."
Five assignments of error are relied upon for reversal of the conviction and sentence.

I.
The bill of information is said to be fatally defective in that it does not set forth sufficient facts or the essential elements necessary to satisfy a charge of aggravated burglary. The inadequacy of the charge, defendant says, results primarily from the failure to allege that the dwelling entered was an "inhabited dwelling." According to this defense contention, where an inhabited dwelling is involved, it is unimportant whether anyone was present therein at the time of the unauthorized entry; however, where a structure, water craft or movable is entered it is necessary that a person be present therein at the time of the entry.
The crime of aggravated burglary is defined as follows:
"Aggravated burglary is the unauthorized entering of any inhabited dwelling, or of any structure, water craft, or movable where a person is present, with the intent to commit a felony or any theft therein, if the offender,
(1) Is armed with a dangerous weapon; or
(2) After entering arms himself with a dangerous weapon; or
(3) Commits a battery upon any person while in such place, or in entering or leaving such place.
"Whoever commits the crime of aggravated burglary shall be imprisoned at hard labor for not less than one nor more than thirty years." (La.R.S. 14:60)
Article 464 of the Code of Criminal Procedure provides that an indictment shall "be a plain, concise, and definite written statement of the essential facts constituting the offense charged ...."
*3 Article 465 authorized the use of the following short form to charge aggravated burglary:
"A.B. committed aggravated burglary of the dwelling of C.D.; or A.B. committed aggravated burglary of a warehouse (or other structure, watercraft, or movable, as the case may be) belonging to C.D."
The bill charging defendant includes all of the essential language required by the short form. The addition of other facts is not a cause for invalidating the bill under Article 465. That article provides:
"The indictment, in addition to the necessary averments of the appropriate specific form hereinbefore set forth, may also include a statement of additional facts pertaining to the offense charged. If this is done it shall not affect the sufficiency of the specific indictment form authorized by this article."
Not only does the bill of information satisfy the requirements of the short form, naming the owner of the dwelling, it adds that she was present and that defendant committed a battery on her. State v. Lee, 281 So.2d 123 (La.1973).

II.
Trial of this case commenced without a request from defendant's retained counsel that the entire proceedings be recorded. Subsequently, during the trial, after the State had completed presentation of its case, an oral motion was made by defense counsel to have the court reporter record all testimony for the purpose of a transcript. When the trial judge remarked that this would require that defendant pay for the transcript because he was not an indigent, defense counsel made an oral motion that defendant be allowed to proceed as an indigent without the payment of costs. The motion was denied. A second oral motion was then made by defense counsel that he be permitted to give "live testimony" that defendant was an indigent. This motion was also denied.
A bill of exceptions was reserved to the ruling. No written motion or affidavit was filed to support the oral motions. No opportunity was given, at this stage of the trial, to traverse this claim of indigency. Compare: La.Code Crim.Proc. Art. 513, La.Code Civ.P. Arts. 5181-5188.
To require recordation of the defendant's version of the case after the State had presented its case would only serve to preserve a record of half of the trial.
The law on this subject applicable to a defendant who is not an indigent is contained in Section 291 of Title 15 of the Revised Statutes. It provides:
"The testimony of the witnesses on the question of guilt or innocence may be taken down under the supervision of the court and in order to explain any bill of exception which may be taken by counsel for the accused, the accused shall have the right, if he chooses, to have all of the testimony so taken made a part of the transcript; provided, that any accused desiring to send up the testimony of all of the witnesses so taken, shall pay for the same, and provided further, that the said testimony shall be considered only in explanation of the bills of exception reserved during the trial on behalf of the accused."
See also La.R.S. 13:968(D).
In addition, at the time of the trial in this case, according to Article 844 of the Code of Criminal Procedure, only the evidence necessary to form a basis for a bill of exceptions was required to be recorded. In this instance, these oral motions of defense counsel and rulings of the court were transcribed and are part of the record on appeal.
At all stages of the proceedings in the trial below, defendant was represented by retained counsel of his choice. Retained trial counsel's failure to timely and *4 properly move to proceed as an indigent cannot be counted as an error attributable to the State. Trial counsel was discharged by defendant, who is presently represented by able retained counsel of his choice in this appeal. As we understand defendant's contention, he was unable to obtain a transcript of the proceedings unless he paid for it. This he refused to do.
Under these circumstances, the discretion of the trial judge on this ruling should not be disturbed.

III.
This issue is raised by motions to quash the general and petit jury venires on the ground that they were improperly constituted and selected. The argument is that a handful of blacks appeared on the venires but only one served on the jury before which defendant was tried and convicted. It is asserted only one black juror served because the State exercised its peremptory challenges against other blacks. The State's use of peremptory challenges for the alleged purpose of systematically excluding Negroes from the jury is not subject to review. State v. Jack, 285 So.2d 204 (La.1973).
Moreover, the motion to quash alleges that black people were systematically excluded while a token amount were included, and that poor people not listed on the list of utility users and not registered to vote were systematically excluded. It is assumed, by reason thereof, they were not selected. In addition, women are alleged to be excluded from jury service by operation of law, which defendant claims is an unconstitutional legislative enactment.
Except with respect to the law that women may not be selected for jury service unless they manifest their desire to serve (a legal question not requiring evidence), there is no evidence attached to the bill to support any of the allegations of the motion to quash. Again this is an omission for which defendant's retained counsel is responsible, and the error may not be attributed to the State.

IV.
After the jury had retired to deliberate on the verdict, defense counsel objected to a statement made by the State's attorney in closing argument. The controverted statement was: "Imagine your wives or daughters alone in a trailer park at midnight and being attacked by this defendant."
An allegation of prejudice due to a statement by the assistant district attorney in closing argument cannot be considered on appeal unless objection is made to such remark at the time it occurred. State v. Grey, 257 La. 1070, 245 So.2d 178 (1971).

V.
In this assignment of error defendant contends that Article 60 of the Criminal Code defining aggravated burglary, under which this prosecution was had, is unconstitutional in that it is vague, unrealistic and inhumanly harsh. A sentence of thirty years when he could do little harm without a weapon is too harsh, he contends, and is out of all proportion to the maximum imprisonment of six months for simple battery.
There is no constitutional infirmity in the article. It punishes the combination of two offenses, battery and the unauthorized entry into a dwelling, not battery alone. The argument has no merit.
A final contention that there is no record evidence that the motions to quash were disposed of is not well-founded. The minutes of court record that the motion to quash was overruled.
For the reasons assigned, the conviction and sentence are affirmed.
BARHAM, J., concurs.