# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT


## 10-958


**STATE OF LOUISIANA**

**VERSUS**

**RONALD G. GRUDEWICZ, AKA RONALD G. GRIDEIOCZ, ET AL.**


**********
APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, DOCKET NO. CR-84990
HONORABLE PATRICK L. MICHOT, DISTRICT JUDGE
**********


## SYLVIA R. COOKS
## JUDGE


**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Elizabeth A. Pickett, Judges.


**AFFIRMED**.

Carey J. Ellis, III
Louisiana Appellate Project
P.O. Box 719
Rayville, LA 71269-0719
(318) 728-2043
COUNSEL FOR DEFENDANT/APPELLANT:
	Ronald G. Grudewicz


Michael Harson, District Attorney
Mark Garber, Assistant District Attorney
Courthouse Building
P.O. Box 3306
Lafayette, LA 70502
(337) 232-5170
COUNSEL FOR APPELLEE:
	State of Louisiana

**COOKS, Judge.**

Defendant, Ronald G. Grudewicz, was charged by bill of information with pornography involving juveniles, in violation of La.R.S. 14:81.1. Defendant was arraigned and entered a plea of not guilty. After several continuances requested by Defendant, he changed his plea to not guilty and not guilty by reason of insanity and requested a sanity commission be appointed.

A hearing was held after which the trial court found Defendant competent to proceed to trial. Immediately following, Defendant filed a motion to quash the bill of information on the ground that the time to commence trial had prescribed pursuant to La.Code Crim.P. art. 578. The matter was heard by the trial court and denied. Defendant then entered a plea of no contest to the charge reserving his right to appeal the denial of the motion to quash. Additionally, as part of the plea agreement, Defendant was sentenced to two years at hard labor without the benefit of probation, parole, or suspension of sentence.

On appeal, Defendant asserts as his sole assignment of error the trial court erred in denying his motion to quash.

### ANALYSIS

During the hearing on the motion to quash, Defendant asserted in pertinent part:

> [W]e would acknowledge that this matter was left open on April 8, 2002, passed for the purpose of the sanity commission. . . [D]r. Gad's evaluation was filed into the record on September 9, 2002, while the other doctor's report was filed in the record on December 19, 2003. What we are suggesting is at that point the court and the state had notice that my client was competent to stand trial, as both reports so indicate. We would also point out that from the point from December 9, 2003 to present, nothing has happened and on that basis and based on the Article 578, we are arguing that the time to proceed to trial has passed, and, therefore, ask the matter be quashed.
>
> . . . .

-1-

I would just point out that upon the filings of those reports, that there is now notice, and our point is once notice is presented, it is the State's duty . . . to proceed to trial. . . and that was not done.

The State, in pertinent part, gave the following response at the hearing on the motion to quash:

[W]e do recognize that 578 is controlling, but point out to the court that Article 578 is modified by Article 580, and also in turn by Article 642 which dictates specifically that there can be no further proceedings of any kind once the issue of sanity has been raised, until that issue. . . has been ruled on by a court. . . [T]here has been no argument or authority set before this court that would indicate that it was the State's responsibility to bring to fruition what was originally a defense motion for a sanity commission.

At the conclusion of argument from both parties, the trial court ruled as follows:

The Court is cognizant of the case law and the statutory law particularly in reference to time limitations upon the institution of trial and the concept of lenity, however, the court looks at the strong wording of the statute in effect here as argued by the State here. When the question of the defendant's mental incapacity is raised, and I am quoting from Article 642 of the Code of Criminal Procedure, there shall be no further steps in the criminal prosecution except in the institution of prosecution until the defendant is found to have the mental capacity to proceed. The defendant is not-- and now I am getting away from the statute and using my words -- the defendant is not found competent until a court finds him competent. So the fact that experts say they would recommend that he is competent is the Court's and only the Court's function to make that determination, and in this case that was not done.

The defense effectively argues that, okay, it's the prosecution's responsibility to move the case, but the way that statute is written, no further steps until the defendant is found to have the mental capacity to proceed seems to indicate that it's the court, not the state or the defendant's responsibility, because if the State makes a motion to have the defendant found competent and to proceed, that could be construed as violating the statute as a step in the criminal prosecution, the fact that he even files that motion to make the determination, so he could be found to be violating the statute and not be allowed to make the motion because of the way the statute is worded, making the motion would be a further step. So it could be argued and it is argued by the State that it's the Court's responsibility to make that determination before the case can proceed. So the State is not at fault. It was the Court's responsibility to bring the case forward, according to that strict reading of that statute which was carefully worded in that sentence. So it seems to me to

-2-

overcome the considerations of lenity and the time considerations, the case on the limitations of time, and there is no case law that states otherwise than the way the state just argued.

And then, of course, 580 says the time limitation shall be suspended until the ruling of the Court. So the Court never ruled until just now when I ruled that he was competent, so the Court will then deny the motion to quash.

Defendant contends in brief that this case involves a matter of prescription, citing La.Code Crim.P. art. 578. Defendant argues the trial court erred in finding La.Code Crim.P. art. 642 prevented the State from bringing the matter to trial. The Defendant asserts, in pertinent part:

> C.Cr.P. art. 579 states unambiguously that the period of limitation is interrupted if the defendant cannot be "tried because of insanity . . ." C.Cr.P. art. 642 reads that proceedings are halted until a ruling on competency. Article 642 is ambiguous in the sense that there is no direction as to whether the Court or the State has the duty to bring forth the proceeding.
>
> . . . .
>
> The State should not be allowed to circumvent the clear language of C.Cr.P. art. 578 by claiming that it was prevented from having the Trial Court determine competency by the language of C.Cr.P. art. 642.

In *State v. Sorden,* 09-1416 (La.App. 4 Cir. 8/4/10), 45 So.3d 181, the court addressed the difference in the statutory right to a speedy trial versus the constitutional right to a speedy trial. The court explained, in pertinent part:

> A state's ability to institute prosecutions or commence trials is subject to the protections of the Sixth Amendment, but a defendant's ability to invoke statutory limitations on institution of prosecution or, as here, commencement of trial is not conditioned or dependent upon establishing a separate Sixth Amendment violation. *See State v. Powers*, [344 So.2d 1049 (La.1977)] *infra*. The United States Supreme Court in *Barker v. Wingo* approvingly cited the right of legislatures to define more narrowly the speedy trial right by enacting laws that set forth specific time limitations. *Barker*, 407 U.S. 514, 523, 92 S.Ct. 2182, 33 L.Ed.2d 101 (the Court stated that, in recognizing the virtue of clarifying when the speedy trial right is infringed and simplifying courts' application of it, "some legislatures have enacted laws and some courts have adopted procedural rules which more narrowly define the right."). The provisions of La.C.Cr.P. art. 578 may in this instance provide a

more rather than less restrictive time limitation for commencement of trial than would be required under a *Barker v. Wingo* analysis.

Thus, statutory and constitutional rights are distinct bases for asserting the right to speedy trial. *State v. Powers*, 344 So.2d 1049, 1051 (La.1977). The Louisiana Supreme Court, in *State v. Powers*, *supra*, 344 So.2d at 1051, n. 5, discussed the distinction between constitutional and statutory speedy trial guarantees:

> Interestingly, the statutory provision is narrower than the constitutional right to a speedy trial (because, for example, the acceptable time period may be longer than that approved under the constitutional guarantee) and it is at the same time broader than the constitutional right (because, for example, there is no need to assess prejudice to the accused nor to require that an accused make known his desire for an early trial).... The state's reason for delay is of no moment in questions of the running of statutory time periods, *See State v. Martens*, 338 So.2d 95 (La.1976), but may well be relevant in a determination as to whether defendant's right to speedy trial has been violated. *See Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972) (other citations omitted).

Accordingly, the question of whether a speedy trial violation is statutory or constitutional involves wholly separate inquiries. Regardless of whether Ms. Sorden can establish a showing of an infringement of her constitutional right to speedy trial, the success of her statutory claim is not dependent upon the success or failure of a constitutional claim.

*Id.* at 185-86.

The record reflects the following timeline which is pertinent in deciding this issue:

| | |
|---|---|
| Bill of Information filed | December 7, 1999 |
| Defendant arraigned | January 4, 2000 |
| Continuances requested by the Defendant and granted | April 3, 2000 |
| | August 7, 2000 |
| | November 6, 2000 |
| | January 1, 2001 |
| | March 12, 2001 |
| | May 14, 2001 |
| | August 13, 2001 |
| | November 12, 2001 |
| | January 14, 2002 |

| | |
|---|---|
| Defendant filed motion seeking appointment of sanity commission | February 19, 2002 |
| Trial court grants appointment of sanity commission (Dr. Gad and Dr. de Mahy) | February 21, 2002 |
| Changed Plea to Not Guilty/Not Guilty by Reason of Insanity | February 25, 2002 |
| Order granting appointment filed into the record | February 25, 2002 |
| Dr. Gad's report is filed | September 9, 2002 |
| Dr. de Mahy's report is filed | December 19, 2003 |
| Defendant fails to appear in court | July 23, 2009 |
| Defendant served in open court with trial date of October 26, 2009 | August 7, 2009 |
| Defendant requests and is granted continuance of trial | October 26, 2009 |
| Defendant requests and is granted continuance of trial | November 30, 2009 |
| Trial court finds Defendant competent to proceed to trial | May 18, 2010 |
| Defendant files motion to quash and motion is denied | May 18, 2010 |
| Defendant enters plea of no contest | May 18, 2010 |

Louisiana Code of Criminal Procedure Article 578 provides for the State, in this case, to commence trial within two years of filing of the bill of information. The bill of information was filed on December 7, 1999, and the Defendant pled guilty on May 18, 2010. Thus, on its face, more than two years elapsed from the time the bill was filed until the plea was entered.

In *State v. Morris*, 99-3235, p. 1 (La. 2/18/00), 755 So.2d 205, the court explained, in pertinent part:

-5-

Once the accused shows that the state has failed to bring him to trial within the time periods specified by La.C.Cr.P. art. 578, the state bears a heavy burden of demonstrating that either an interruption or a suspension of the time limit tolled prescription. *State v. Joseph*, 93-2734, p. 1 (La.6/3/94), 637 So.2d 1032; *State v. Rome*, 630 So.2d 1284, 1286 (La.1994); *State v. Estill*, 614 So.2d 709, 710 (La.1993).

Louisiana Code of Criminal Procedure Article 579 provides, in pertinent part:

> A. The period of limitation established by Article 578 shall be interrupted if:
>
> . . . .
>
> (2) The defendant cannot be tried because of insanity or because his presence for trial cannot be obtained by legal process, or for any other cause beyond the control of the state; or
>
> . . . .
>
> B. The periods of limitation established by Article 578 shall commence to run anew from the date the cause of interruption no longer exists.

Louisiana Code of Criminal Procedure Article 580 provides, in pertinent part:

> A. When a defendant files a motion to quash or other preliminary plea, the running of the periods of limitation established by Article 578 shall be suspended until the ruling of the court thereon; but in no case shall the state have less than one year after the ruling to commence the trial.

In *State v. Lewis*, 09-846, p. 40 (La.App. 3 Cir. 4/7/10), 33 So.3d 1046, 1073,

*writ denied*, 10-967 (La. 11/24/10), 50 So.3d 825, this court explained:

> La.C.Cr.P. art. 580 provides that the time limitation is *suspended* when a defendant files a motion to quash or other preliminary plea. A preliminary plea is any pleading or motion filed by the defense which has the effect of delaying trial. *State v. Brooks*, 02-792, p. 2 (La.2/14/03), 838 So.2d 778, 782, *reh'g denied*, 02-792 (La.3/21/03). These pleadings include properly filed motions to quash, motions to suppress, or motions for a continuance, as well as applications for discovery and bills of particulars. *Id.*

In *State v. Washington,* 02-1346, p. 8 (La. 5/20/03), 846 So.2d 723, 727, in

footnote number ten, the supreme court noted, in pertinent part:

Washington filed an application for the appointment of a sanity

commission. According to LSA-C.Cr.P. art. 580, that preliminary motion suspended the time limitation until a ruling was made on his sanity. Thus, the State would have one year from the date of the trial court's ruling on the report of the sanity commission in which to try Washington for aggravated rape.

In *State v. Rome*, 93-1221 (La. 1/14/94), 630 So.2d 1284, the Louisiana Supreme Court discussed the distinction between "interruption" and "suspension." The Court stated:

> An interruption of prescription occurs when the state is unable, through no fault of its own, to try a defendant within the period specified by statute, in this case two years. . . . Once the cause of interruption disappears, the two-year time limit begins anew. *See* La.Code Crim.Proc.Ann. art. 579(B). In contrast, the prescriptive period is merely suspended, until the trial court rules on the filing of preliminary pleas. The relevant period is simply not counted, and the running of the time limit resumes when the motions are ruled on. Note, however, that "in no case shall the state have less than one year after the ruling to commence the trial." La.Code Crim.Proc.Ann. art. 580.

*Id.* at 1287 (footnote omitted).

The bill of information was filed on December 7, 1999; thus, the State had until December 7, 2001, to bring the Defendant to trial unless the time period was interrupted or suspended. From the filing of the bill, one year and three months passed when the Defendant requested and was granted his first continuance of trial on April 3, 2000. Subsequent to that date, Defendant requested and was granted continuances on August 7, 2000; November 6, 2000; January 8, 2001; March 12, 2001; May 14, 2001; August 13, 2001; November 12, 2001; and January 14, 2002. Each time the continuance was ruled upon, pursuant to La.Code Crim.P. art. 580, the State had no less than one year to commence trial. Thus, from the last continuance, the State had until January 14, 2003, to commence trial. Defendant filed the motion for appointment of a sanity commission on February 19, 2002, and the sanity commission was appointed on February 21, 2002. According to the above case law, the motion for sanity commission is a preliminary plea which interrupted the running

of the time period of La.Code Crim.P. art. 578. Therefore, the time period did not start to run again until the trial court *ruled* on the motion for sanity commission on May 18, 2010. La.Code Crim.P. art. 580. Following the denial of the motion, Defendant entered a guilty plea. Consequently, the time period of La.Code Crim.P. art. 578 had not tolled at the time Defendant entered the guilty plea. Therefore, the trial court properly denied the motion to quash.

## DECREE

For the foregoing reasons, Defendant's conviction is affirmed.

**AFFIRMED.**