# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 18, 2025

Lyle W. Cayce
Clerk

No. 23-30807

Kenneth Lavigne,

*Petitioner—Appellant*,

*versus*

Tim Hooper, *Warden, Louisiana State Penitentiary*,

*Respondent—Appellee*.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:19-CV-894

_____

Before Clement, Graves, and Willett, *Circuit Judges*.

Per Curiam:[*]

A habeas petitioner seeks post-conviction relief, claiming that his trial counsel was ineffective for failing to advise him that the kidnapping charge he pled guilty to was time barred and that the district court erred by denying his motion for an evidentiary hearing. We conclude that while trial counsel was deficient, that deficiency did not cause any prejudice, foreclosing an ineffective-assistance-of-counsel claim. We also conclude that the district

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

court did not err in denying an evidentiary hearing because there is no factual dispute that if resolved in petitioner's favor would entitle him to relief. Accordingly, we AFFIRM.

## BACKGROUND

In 1990, Kenneth Lavigne abducted, raped, and stabbed his aunt to death. Decades later, investigators matched his DNA to the DNA recovered from her clothing and rape kit. The Ascension Parish Sheriff arrested Lavigne for first degree murder and aggravated rape in March 2013. On October 11, 2013, a grand jury indicted Lavigne for second-degree murder; he pled not guilty.

On January 8, 2016, the District Attorney amended the charges and filed a new bill of information, accusing Lavigne of manslaughter and second-degree kidnapping. The same day, the trial court arraigned Lavigne on the new charges. As part of a plea bargain agreement, Lavigne pled guilty to the amended charges, and the District Attorney dismissed the second-degree murder charge. Also as agreed in the plea deal, the trial court sentenced him to twenty-one years at hard labor on the manslaughter charge but deferred sentencing him on the kidnapping charge until it had a presentence investigation report (PSR).

Months later, after the PSR was complete, the court set the kidnapping matter for sentencing on April 18, 2016. Lavigne's counsel started the sentencing hearing by informing the court that Lavigne wanted to withdraw his plea on the kidnapping charge because he believed the sentences would run concurrently but the PSR recommended that they run consecutively. The State objected that Lavigne had knowingly and intelligently pled guilty and could not withdraw his plea because he did not like the PSR's recommendation. The trial court denied Lavigne's motion and sentenced him to forty years at hard labor on the kidnapping charge, to

be served consecutively to the twenty-one-year sentence at hard labor on the manslaughter charge.

Lavigne challenged the kidnapping sentence, but the state appellate court affirmed the conviction. The Louisiana Supreme Court denied certiorari.

Lavigne also moved to dismiss the kidnapping charge as untimely because the State failed to bring the charge within the six-year prescriptive period. The trial court denied the motion, referencing the guilty plea and sentence. Neither the state appellate court nor supreme court reviewed the denial.

Lavigne then filed a pro se application for post-conviction relief in state court, claiming, *inter alia*, that his guilty plea to the kidnapping charge was unknowing and involuntary because his trial counsel was ineffective. The trial court ruled that Lavigne failed to state a claim of ineffectiveness. The state appellate court denied review. And the state supreme court denied certiorari, finding that Lavigne failed to show that he received ineffective assistance of counsel.

Having fully litigated his application for post-conviction relief in state court, Lavigne brought his claim for ineffective assistance of counsel in federal court, where he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After de novo review, a magistrate judge recommended dismissal of Lavigne's claims because he failed to demonstrate ineffectiveness of either trial or appellate counsel. Lavigne objected, but after de novo review the district court denied the objection, adopted the magistrate judge's recommendation, determined that an evidentiary hearing was not required, and denied Lavigne's petition for a writ of habeas corpus.

Lavigne sought a certificate of appealability from this court, which we granted in part. Presently before us are two issues: (1) whether Lavigne's trial

counsel was ineffective for failing to advise him that the kidnapping charge was time barred and that he would waive the time bar defense by pleading guilty; and (2) whether the district court erred by denying an evidentiary hearing.

## STANDARD OF REVIEW

When a claim was adjudicated on the merits in state court, federal courts only grant an application for a writ of habeas corpus on behalf of a person in custody if the state-court adjudication either resulted in a decision that (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d); *accord Howes v. Fields*, 565 U.S. 499, 505 (2012).

In making this determination, "we review the district court's findings of fact for clear error and its conclusions of law *de novo*, applying the same standards to the state court's decision as did the district court." *Jenkins v. Hall*, 910 F.3d 828, 832 (5th Cir. 2018) (quoting *Lewis v. Thaler*, 701 F.3d 783, 787 (5th Cir. 2012)).

## DISCUSSION

I.    *Whether Lavigne's trial counsel was ineffective*

A.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court created a test for establishing a viable ineffective-assistance-of-counsel claim. Under *Strickland*, a defendant must demonstrate both that counsel's performance was deficient and that the deficient performance prejudiced his defense. *Id.* at 687.

"In *Hill*, the Court held 'the two-part *Strickland v. Washington* test applies to challenges to guilty pleas based on ineffective assistance of counsel.'" *Lafler v. Cooper*, 566 U.S. 156, 162–63 (2012) (quoting *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)). The Court further explained that:

> In *Hill*, when evaluating the petitioner's claim that ineffective assistance led to the improvident acceptance of a guilty plea, the Court required the petitioner to show "that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial."

*Id.* at 163 (modification in original) (quoting *Hill*, 474 U.S. at 59).

Lavigne argues his trial counsel was deficient during plea negotiations by failing to advise him that the charge he was pleading to was time-barred. Had he been so advised, Lavigne says, he would have gone to trial.

### B.

As the state trial court adjudicated the merits of the ineffective-assistance-of-counsel claim, we will only grant Lavigne's petition for habeas corpus if the state court's analysis

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Relevant here, if a state court fails to "apply *Strickland* to assess the ineffective-assistance-of-counsel claim respondent raised, the state court's adjudication was contrary to clearly established federal law." *Lafler*, 566 U.S. at 173.

No. 23-30807

We conclude that insofar as the state court applied the *Strickland* standard, it did so improperly and contrary to clearly established federal law.

In assessing Lavigne's claim that his trial counsel was deficient, the state trial court reasoned: "Counsel benefitted Mr. Lavigne in this negotiation by eliminating the mandatory life sentence. Mr. Lavigne well knew the range of penalties the Court could impose and that it was in the Court's discretion whether to run his sentences concurrently or consecutively."

This analysis does not address whether Lavigne's counsel was deficient. It also does not address whether Lavigne suffered prejudice. In the plea context, a court must determine whether "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." *Lafler*, 566 U.S. at 163 (modification in original) (quoting *Hill*, 474 U.S. at 59). The state court's conclusion that Lavigne's counsel benefitted him fails to address the core question of the inquiry: whether Lavigne still would have pleaded guilty. As the state court did not apply *Strickland* to assess Mr. Lavigne's claims, its "adjudication was contrary to clearly established federal law." *Lafler*, 566 U.S. at 173.

## C.

Once a federal court "concludes that the state court analyzed the petitioner's claim in a manner that contravenes clearly established federal law, it then must proceed to review the merits of the claim de novo to evaluate if a constitutional violation occurred." *Vickers v. Superintendent Graterford SCI*, 858 F.3d 841, 849 (3rd Cir.), *as amended* (July 18, 2017) (citing *Lafler*, 566 U.S. at 174); *accord Grace v. Hooper*, 123 F.4th 800, 804 (5th Cir. 2024).

6

No. 23-30807

Lavigne's ineffective-assistance-of-counsel claim turns on whether his counsel's performance was outside the range of professional competence because they failed to advise him that the prosecution improperly brought a second-degree kidnapping charge against him. He offers two theories as to why the charge was improper under Article 576 of the Louisiana Code of Criminal Procedure: (1) it was time-barred because it was used to avoid Article 578's statute of limitations on the second-degree murder charge; and (2) the second-degree kidnapping charge was not a lesser offense based on the same facts as the second-degree murder charge.

1.

Article 576 commands that "[a] new prosecution shall not be instituted under this article following a dismissal of the prosecution by the district attorney unless the state shows that the dismissal was not for the purpose of avoiding the time limitation for commencement of trial established by Article 578." La. Code Crim. Proc. art. 576.

Lavigne alleges that the State instituted his manslaughter and second-degree kidnapping charges to avoid Article 578's limitation that "no trial shall be commenced" in non-capital felony cases "after two years from the date of the institution of prosecution." La. Code Crim. Proc. art. 578(A)(2).

However, a review of the record shows that the State did not bring these charges to avoid Article 578's time limit. The relevant timeline is as follows:

- October 11, 2013: A grand jury returns a true bill of second-degree murder. This institutes the prosecution, and the prescriptive period begins to run.
- December 9, 2013: After the statute of limitations has run for 59 days, Lavigne moves for discovery, disclosure, inspection, and a bill of particulars. Each of these motions is a "preliminary plea," so the

7

No. 23-30807

"running of the period of limitation . . . shall be suspended until the ruling of the court thereon." La. Code Crim. Proc. art. 580A.

- March 15, 2015: After multiple continuances, the trial court ruled on the motions and ordered them "satisfied." With this ruling, Article 578's period of limitation is no longer suspended and begins to run again.
- January 8, 2016: After the statute of limitations has run for an additional 298 days, for a total of 357, the State stopped prosecuting the second-degree murder charge as part of the plea bargain.

As this timeline shows, the statute of limitations ran for 357 days, comfortably within Article 578's two-year deadline for commencing trial. The State has shown "that the dismissal was not for the purpose of avoiding the time limitation for commencement of trial established by Article 578." La. Code Crim. Proc. art. 576. As the charge was not time-barred, Lavigne's counsel did not commit an error by failing to advise him that it was.

Because his first theory as to why his counsel's performance was ineffective fails, Lavigne can only satisfy the performance prong of *Strickland* by proving his alternate theory that trial counsel was ineffective for failing to tell him the second-degree kidnapping charge was brought outside the prescriptive period. We turn there next.

2.

Lavigne argues that his trial counsel was deficient during plea negotiations by failing to advise him that the kidnapping charge he was pleading to was time-barred.[1] Before analyzing trial counsel's advocacy under *Strickland*'s performance prong, we must determine the antecedent question of whether the kidnapping charge was time-barred.

---

[1] "Lavigne concedes, as he must, that the first indictment, for second degree murder, was timely filed because second degree murder contained no prescriptive period."

8

No. 23-30807

Louisiana has a prescriptive period of six years for felony crimes that mandate imprisonment at hard labor for less than a life term. La. Code Crim. Proc. art. 572(A)(1). Second-degree kidnapping is one such crime. *See* La. Stat. § 14:44.1 ("Whoever commits the crime of second degree kidnapping shall be imprisoned at hard labor for not less than five nor more than forty years."). As Lavigne committed his crime in 1990, this six-year prescriptive period had run by 1996—nearly two decades before he was charged with second-degree kidnapping in 2016.

The State concedes this point, yet contends that another statutory provision changes the analysis: Article 576 of the Louisiana Code of Criminal Procedure. Article 576 constrains when new charges may be filed upon dismissal of a prosecution:

> When a criminal prosecution is timely instituted in a court of proper jurisdiction and the prosecution is dismissed by the district attorney with the defendant's consent . . . a new prosecution for the same offense or for a lesser offense based on the same facts may be instituted within the time established by this Chapter or within six months from the date of dismissal, whichever is longer.

La. Code Crim. Proc. art. 576.

Under Louisiana law, "[t]here is no time limitation upon the institution of prosecution for any crime for which the punishment may be death or life imprisonment." La. Code Crim. Proc. art. 571. Thus, the State timely filed both the original prosecution—the March 26, 2013 charge of first-degree murder—and the second prosecution— the October 11, 2013 indictment for second-degree murder. *See* La. Stat. § 14:30 (death or life imprisonment at hard labor for first-degree murder); La. Code Crim. Proc. art. 571; La. Stat. Ann. § 14:30.1 (life imprisonment at hard labor for second-degree murder).

No. 23-30807

For the third prosecution—the January 8, 2016 charges of manslaughter and second-degree kidnapping—to fit within Article 576's exception and be timely, it must be a prosecution of "a lesser offense based on the same facts" as the second-degree murder charge.[2]

At the time Louisiana and Lavigne entered the January 2016 plea, there were only two decisions to inform the trial court's and Lavigne's counsel's interpretation of Article 576: *State v. Murray*, 64 So. 2d 230 (La. 1953) and *State v. Powers*, 344 So. 2d 1049 (La. 1977).[3] *See Powers*, 344 So.2d at 1052 ("*State v. Murray*, [] which is the only case which we have found that specifically interprets this language.").

*Murray* is not very useful to our analysis here. In *Murray*, the court analyzed the same offense (two bills of information charging theft), while here there are two different offenses (first second degree murder and second-degree kidnapping). As a result, in *Murray* the Louisiana high court did not address or give insight into the question at issue here: What are the proper bounds of a lesser offense based on the same facts?

*Powers* dealt with two different offenses, making it more relevant to our analysis. *Powers* held that:

---

[2] There is no question the prosecution was dismissed by the district attorney with the defendant's consent as it was part of a plea bargain agreement. It is also clear that the new prosecution was not for the same offense; a second-degree murder charge was amended to charges of manslaughter and second-degree kidnapping.

[3] The magistrate judge relied heavily on *State v. Gray*, 2016-0687 (La. 3/15/17), 218 So. 3d 40. The State relies on the case, and Lavigne tries to distinguish it. Regardless of what *Gray* says, it was not published until 2017 and could not have informed counsel's understanding of the relevant statutory code during the plea-bargaining process that culminated in 2016. Thus, as we try to make our best *Erie* guess as to what Louisiana law was at the time, we cannot consider *Gray*'s holding. The magistrate judge and district court judge should not have either.

No. 23-30807

> [B]ecause these were two separate crimes which occurred at
> different times and which contained separate elements (even
> though they were admittedly both part of one extended
> criminal transaction) . . . the charges for aggravated burglary
> and conspiracy to commit aggravated burglary[, the second
> charge,] were not 'the same or . . . lesser offense(s) based on
> the same facts' as the charges for armed robbery and
> conspiracy to commit armed robbery.

344 So.2d at 1052.

However, unlike in *Powers* where there was a clean break between one
crime and the other (pre- and post-victim's arrival), here we have no facts as
to the order of events because the State failed to clearly articulate what facts
undergirded the second-degree murder charge. This poorly-developed
record makes it difficult to determine whether the second-degree kidnapping
charge is based on the same facts. That, in turn, makes it difficult to figure
out if the new charge was time-barred.

Since there were no facts put forth to support the second-degree
murder charge, it is unclear how the new charge can be based "on the same
facts." This brings us under the purview of the 1966 Official Revision
Comment, which states that "if a second charge involves additional facts,
then it cannot be said to be based on the same facts and the first charge does
not interrupt prescription." La. Code Crim. Proc. art. 576 cmt. a. If the
first charge contains no facts, then the second charge necessarily "involves
additional facts." Thus, the second charge is not "based on the same facts,"
meaning the first charge does not interrupt prescription. Therefore, the six-
year prescriptive period for second-degree kidnapping lapsed.

"Given that the time limitations for instituting prosecution . . . had
prescribed, relator's trial counsel rendered ineffective assistance when he
failed to file a motion to quash on that basis." *State ex rel. Nalls v. State*, 2013-
2806, p. 1 (La. 11/7/14), 152 So.3d 164. Per *Nalls*, Lavigne meets the first

prong of the *Strickland* test since his trial counsel's performance was deficient.[4]

The second prong of *Strickland* requires that Lavigne show that his trial counsel's deficiency prejudiced him. *Earvin v. Lynaugh*, 860 F.2d 623, 627 (5th Cir. 1988). To fulfill the prejudice prong, Lavigne must show "that there is a reasonable probability that, but for counsel's errors, [he] would not have pleaded guilty and would have insisted on going to trial." *Lafler*, 566 U.S. at 163 (quoting *Hill*, 474 U.S. at 59). "A reasonable probability is 'a probability sufficient to undermine confidence in the outcome;' a defendant need not, however, show that 'counsel's deficient conduct more likely than not altered the outcome of the case.'" *Martin v. McCotter*, 796 F.2d 813 (quoting *Strickland*, 466 U.S. at 694). As a habeas petitioner, Lavigne "must 'affirmatively prove,' not just allege, prejudice." *Day v. Quarterman*, 566 F.3d 527, 536 (5th Cir. 2009) (quoting *Strickland*, 466 U.S. at 693).

Taken together, Lavigne must affirmatively prove that there is a probability that counsel's errors so impacted his defense that it undermines our confidence he would have accepted the plea instead of having insisted on going to trial.

To meet his burden, Lavigne asserts he "would not have pled to the second degree kidnapping charge had he been properly advised that it was prescribed," and cites several instances where he has maintained this position. Lavigne further states he "would have negotiated a plea to only manslaughter or proceeded to trial on the second degree murder charge." He explains:

---

[4] This is so despite giving great deference to counsel's exercise of professional judgment and taking every effort to eliminate the distorting effects of hindsight. *Martin v. McCotter*, 796 F.3d 813, 816-17 (5th Cir. 1986).

In this case, Lavigne was 50 years old at the time of the plea. He was facing a charge that carried a life sentence (second degree murder). Put frankly, no defendant would accept a plea deal for a life sentence (essentially for what he received) if a life sentence was the worst he could face if convicted at trial— especially when the trial was a cold case murder prosecution with no confession or eyewitnesses.

Lavigne is tasked with affirmatively proving that counsel's error "actually had an adverse effect on the defense," *Strickland*, 466 U.S. at 693, and he would not have accepted the plea. *Cf. United States v. Hansel*, 70 F.3d 6, 8 (2d Cir. 1995) ("Hansel's waiver of the time-bar defense cannot be deemed knowing and intelligent: we may assume that he would not have pled guilty to counts that he knew to be time-barred."). Affirmative proof requires pointing to evidence that supports his claim. Our review of the record has not unearthed any such proof. Therefore, Lavigne's claim that his trial counsel was ineffective for failing to advise him that the kidnapping charge was time-barred fails at the second *Strickland* prong.

In short, insofar as Lavigne's ineffective-assistance-of-counsel claim turns on counsel failing to advise him that the charge he was pleading guilty to was time-barred, it is foreclosed because he has failed to affirmatively prove he would not have taken the plea deal and insisted on going to trial had he known the charge was time-barred. Therefore, the district court properly concluded that Lavigne's ineffective-assistance-of-counsel claim fails under *Strickland*.

II.    *Whether the district court erred in denying Lavigne an evidentiary hearing*

Lavigne contends that the district court erred in denying him an evidentiary hearing where he could develop facts about his interactions, discussions, and relationship with his trial counsel even though he "specifically alleged facts that, if proven, would entitle him to habeas relief."

This court has consistently held that "[w]hen there is a 'factual dispute, that, if resolved in the petitioner's favor, would entitle her to relief and the state has not afforded the petition a full and fair evidentiary hearing,' a federal habeas corpus petitioner is entitled to discovery and an evidentiary hearing." *Perillo v. Johnson*, 79 F.3d 441, 444 (5th Cir. 1996) (cleaned up) (quoting *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir. 1994); and collecting authority). However, "[i]f the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim."[5] 28 U.S.C. § 2254(e)(2).

"Under the opening clause of § 2254(e)(2), a failure to develop the factual basis of a claim is not established unless there is lack of diligence, or some greater fault, attributable to the prisoner or the prisoner's counsel." *Williams v. Taylor*, 529 U.S. 420, 432 (2000); *accord McDonald v. Johnson*, 139 F.3d 1056, 1059 (5th Cir. 1998). In accordance with our court's precedent, the district court found that "under the facts of this case, due diligence required offering an affidavit of trial counsel in the state habeas proceedings." *See Dowthitt v. Johnson*, 230 F.3d 733, 758 (5th Cir. 2000) ("Dowthitt did not present affidavits from family members and did not show that they could not be obtained absent an order for discovery or a hearing . . . . A reasonable person in Dowthitt's place would have at least done as much.").

_____

[5] There are two exceptions to this statutory command. First, if the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2254(e)(2)(A)(i). Second, if the application shows that the claim relies on a factual predicate that could not have been previously discovered through the exercise of due diligence. *Id.* at § 2254(e)(2)(A)(ii). If the habeas petitioner has met either of those, he must also show that the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." *Id.* at § 2254(e)(2)(B). Neither of these exceptions is relevant to the present case.

Lavigne tries to distinguish *Dowthitt*, contending that "*Dowthitt* only requires a *pro se* habeas petitioner submit affidavits in state court for witnesses that can be easily obtained by the prisoners." True, *Dowthitt*'s holding arose in the context of a pro se claimant. However, there is no language in the opinion that suggests the panel was drawing such a narrow rule. *See Dowthitt*, 230 F.3d at 758.

Lavigne's attempt to distinguish *Dowthitt* on the ground that this "case involves the testimony of an adversary witness . . . concerning that witness's own ineffective assistance of counsel" is more persuasive. Unlike the "willing" family members in *Dowthitt*, 230 F.3d at 758, Lavigne represents his trial counsel "is not a 'willing' witness and her affidavit could not be 'easily obtained.'"

Lavigne recounts a series of facts that he believes would entitle him to relief, and says that:

> Counsel below represented to the district court that counsel authored these facts "after interviewing Lavigne's state counsel, Susan Jones, and is prepared to call her as a witness at the hearing to establish these facts, including that Lavigne only accepted the plea deal after he was told by his attorneys that he would receive a total sentence of 21 years and that Judge LeBlanc had agreed to impose that sentence."

The issue with this argument is that Lavigne is citing his memorandum in support of his federal habeas petition and his objections to the magistrate judge's report, but "[s]tatements by counsel in briefs are not evidence." *Skyline Corp. v. N.L.R.B.*, 613 F.3d 1328, 1337 (5th Cir. 1980). Absent facts in the record supporting Lavigne's position, there is no "factual dispute" to resolve in his favor, and Lavigne is not entitled to an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) ("If the applicant has failed to develop

No. 23-30807

the factual basis of a claim in State court proceedings, *the court shall not hold an evidentiary hearing* on the claim.") (emphasis supplied).

While trial counsel may not have wanted to declare in an affidavit that she was ineffective, Lavigne's post-conviction counsel managed to interview her, and should have submitted a declaration or affidavit that avers these facts. Absent at least that, Lavigne is not entitled to a hearing.

\* \* \*

Accordingly, we AFFIRM the lower court's finding that Lavigne failed to show that he experienced ineffective assistance of counsel under the *Strickland* standard and AFFIRM the trial court's finding that Lavigne was not entitled to an evidentiary hearing on his postconviction claim.