McCALEB, Justice.
On October 10th 1951, a bill of information was filed in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, charging appellee with theft of $53.89 from Peter Crifasi on or about August 20th, 1951. On November 24th, 1952, the District Attorney nolle prosequied this information and substituted in its place and stead a new bill charging appellee with theft of $47.94 from Crifasi on or about August 20th and 21st, 1951. On December 1st, 1952, the new bill of iriformation was amended for the purpose of negativing the prescription of one year provided by LSA-R.S. 15:8, it being alleged that prescription had not accrued because it was based on the same facts as-the original bill, which had interrupted the running of prescription.
Appellee challenged the verity of these allegations and moved to quash the bill of information. After hearing evidence-in support of the State’s claim that the running of prescription had been interrupted, the trial judge sustained the motion to quash and dismissed the bill as prescribed. The State is appealing.
The law applicable to the case is LSA-R.S. 15:8, which provides a limitation of one year after any offense (excepting certain specified crimes) shall have been made known to the judge, district attorney or grand jury having jurisdiction, for the-prosecution of any person charged therewith. It further declares:
“Provided, that in all criminal prosecutions an indictment found, or an information filed, * * * before the above prescription has accrued, shall have the effect of interrupting such prescription; and if any such indictment, information or affidavit be-quashed, annulled or set aside, or a nolle prosequi be entered, prescription of one year * * * shall begin to ■run against another indictment, information or affidavit based on the same- *953 facts, only from the time that said original indictment, information or affidavit was quashed, set aside, annulled or nolle prosequied.” (Emphasis ours.)
It is the contention of the State that, in view of the above quoted proviso, the plea of prescription should not have been maintained as the filing of the original information on October 10th, 1951'interrupted prescription; that it could not have commenced to run again until November 24th, 1952, at the time the original bill was nolle prosequied, but that it did not begin to run at all because of the filing of the new bill of information which is based on the same facts as the original one.
Appellee denies this, asserting that the facts on which the second information are founded are different from those upon which the original charge was predicated. Thus, the issue is purely one of fact forasmuch as the language used in the applicable provision of LSA-R.S. 15:8, above quoted, is express and unequivocal and, therefore, is to be given effect as written. LSA-Civil Code, Article 13; Hava v. Cafiero, 157 La. 1007, 103 So. 294; Succession of McRacken, 162 La. 443, 110 So. 645.
The evidence produced by the State for the purpose of negativing prescription is uncontradicted. It discloses that appellee was employed by Mr. Peter Crifasi, proprietor of the “One Stop Market” in Baton Rouge, as a delivery boy. On August 20th and 21st, 1951, he was instructed to make four deliveries of merchandise for which he whs to receive cash approximating $63.-89. His employer made out three invoices for each delivery to be made, the original white copy, which was to be given to the customer at the time of delivery, a yellow copy, which was to be returned by appellee with the cash payment and a pink copy, which was retained by the store. Appellee allegedly was paid for each of the four deliveries of merchandise and appropriated the cash received to his own use. In order to conceal his peculation, he allegedly stole and destroyed the pink copies of the invoices which were kept in his employer’s place of business. The four customers to whom appellee made deliveries were Edward Orange Bowl, Humpty Dumpty, Toddle House and Italian Gardens.
When the case was being prepared for trial under the original information charging theft of $63.89, it was discovered that one of the original white invoices — that delivered to Italian Gardens — had been lost or misplaced. Because of this, the district attorney elected to nolle prosequi the information and recharge appellee, alleging a theft of $47.94, which is the. amount allegedly received by him on August 20th and 21st, 1951 from Edward Orange Bowl, Humpty Dumpty and Toddle House.
Counsel for appellee proclaim that the second bill of information is not based on the same facts as the first because the amount allegedly stolen has been reduced from $53.89 to $47.94; that the date of the *955 crime has been changed from August 20th, 1951 to August 20th and 21st, 1951; that the bill excludes an alleged theft of the funds received from Italian Gardens and that the original information was based on a theft of $47.94, which is the amount alDumpty, whereas, the second bill is founded on a theft of only $21.74.
We think it clear that the second bill of information is founded on the identical act charged in the first. There was but one theft, i. e., that of the money collected by appellee for his employer from the four customers. The only-changes that have been made are in the amount of the theft and the dates on which it occurred but the facts upon which the theft is based are the same.
Actually, the argument of counsel is not so much that there is a difference in the facts upon which the first and second information are based but that, to permit the State to exercise the right given by LSA-R.S. 15:8, would effectually abolish prescription laws insofar'as the crime of theft is concerned.- And it is professed that the State could, by the simple expedient of reducing the original charge herein by $1.00, file a new bill each year and thus hold charges over appellee’s head for 63 years.
The answer to this far fetched idea seems to be two-fold. In the first place, if the proviso relative to the interruption of prescription contained in LSA-R.S. 15:8 is so worded that it enables the State to do the things suggested by counsel,[1] the remedy is with the Legislature and not the courts for, as we have stated above, the statute is unambiguous and needs no interpretation.
But, apart from this, there is no reason to suppose that the courts would permit the State to indulge in the practice feared by counsel as LSA-R.S. 15:8 also provides that, in felony cases, the accused must be brought to trial within 3 years from the date of finding, an indictment or filing an information- and, if he is not, the court may cause the charge to be nolle prosequied. Accordingly, any use of the privilege accorded the State to recharge a defendant with crime based on the same facts is specially limited by this’ requirement that he be tried within three years from the date of the original charge.
For the foregoing reasons, the judgment appealed from is reversed. It is now ordered that the motion to quash the bill of information on the ground that it is pre- ’ scribed be and it -is overruled and the case is remanded to the district court. for further proceedings consistent with the views herein expressed.

. Prom a realistie standpoint, the notion is without basis in fact as the provision LSA-R.S. 15:8, has been part of our law since 1898, see Act 73 of 1898 and State v. Lester, 209 La. 763, 25 So.2d 535 where the prior laws and jurisprudence are reviewed, and we have no knowledge of any abuse of the privilege accorded the State by any district attorney.