WILLIAMS, J.
hWe granted this writ application to review the correctness of the trial court’s ruling denying the defendant’s motion to quash the bill of information. For the following réasons, the writ is granted and made peremptory. The defendant’s motion to quash is granted and the bill of information is hereby dismissed.
The defendant, Channing R. Gray, was charged by bill of information with obstruction of justice by tampering with evidence, a violation of LSA-R.S. 14:130.1. The trial court denied the defendant’s motion to quash the bill of information. Following the denial of his motion, the defendant applied to this court for supervisory writs.[1]
FACTS
On February 10, 2007, the body of Der-roceus Abney was found inside of a non-functioning deep freezer that was located behind a residence in Bienville Parish. He had been shot in the head. When Abney’s body was discovered, a bloody fingerprint *732 was-obtained from the top of the freezer. An analysis of the evidence revealed that the blood matched the victim; the fingerprint did not. Law enforcement officers investigated the fingerprint, but were unable to find a match.
In 2013, the defendant was involved in an.unrelated incident. His fingerprints were obtained and entered into a national database. According to the state’s evidence, the 'defendant’s fingerprints matched the bloody fingerprint found on the freezer at the time of Abney’s murder. On July 16, 2013, the state filed a bill of indictment charging the defendant with first 12degree murder, in violation of LSA-R.S. 14:30. On November 5, 2013, the state filed an amended indictment charging the defendant with second degree murder, in violation of LSA-R.S. 14:30.1.
The trial was set to commence on September 21, 2015. At some point between the murder (2007) and the scheduled trial (2015), the authorities were unable to locate the deep freezer, and therefore, the original fingerprint.[2] On June 2, 2015, the state dismissed the amended indictment and filed a bill of information charging the defendant with obstruction of justice by tampering with evidence, in violation of LSA-R.S: 14:130.1.
On June 18, 2015, the defendant filed a motion to quash the bill of information, based on the state’s failure to timely prosecute him on the charge of obstruction of justice. The defendant argued that the first bill of indictment was filed “six years, eight months, and 26 days after the alleged homicide was committed.” He also argued that the bill of information charging him with obstruction of justice was filed “eight years, three months, and 23 days” after Abney’s murder. The state opposed the motion, .arguing that the obstruction charge was based on the same set of facts as the second degree murder charge. According to the state, under the exception set forth by LSA-C.Cr.P. art. 576, the time limitation for prosecution had not expired.
A hearing was held on the motion to quash on, July 13, 2015. Deputy Chris Davis, of the Criminal Investigative Division of the Bienville Parish ^Sheriffs Office, testified with regard to the circumstances surrounding the fingerprint match. Deputy Davis admitted that he was not employed by the Bienville' Parish Sheriffs Office at the time of the murder. He explained that he did not become involved with the investigation until the sheriffs department received notification of the fingerprint match. Deputy Davis testified that the facts leading to the second degree murder charge, including the fingerprint match, also led to the obstruction charge, ie.;'the fingerprint formed the basis for both charges. On eross-examination, Deputy Davis conceded that the defendant did not become a suspect in the investigation until the fingerprint match was made in either March or May of 2013.
Private investigator Michael Bennett, who was hired by the defense to identify, locaté and interview potential witnesses in the disappearance and death' of Abney, also testified at the hearing. Bennett testified that he was unable' to locate the majority of the witnesses that had been identified by law enforcement. According to Bennett, due to the passage of time, the few witnesses that he had managed to locate were experiencing difficulty remembering the events surrounding the murder. Additionally, Bennett explained that the *733 crime scene had “completely ^changed” since 2007. He stated that the residence had been destroyed by fire, the freezer was no longer present at the scene and its whereabouts are unknown.
Defense counsel strenuously argued that the delay in prosecution, or in charging the defendant with obstruction, was a strategic decision that the state made in order to pressure the defendant into pleading guilty. According to the defense, the fingerprint was the only (and insufficient) | ¿evidence connecting the defendant[5] to the homicide. ‘
Following arguments of counsel, the trial court denied the motion to quash under LSA-C.Cr.P. art. 576, stating:
But I guess what, you know my hang up is that your client’s blood [sic ] and your client’s fingerprint is on the blood of the victim on top of the freezer. You know, I can’t help if that evidence is not there anymore, and I know you can’t help it either. But in looking at 576, the second paragraph going backwards and going up, I don’t think there’s any bad faith on the part of the District Attorney’s Office or the State[.]
All right. I’m reading the statute and reading the, [sic] and from being involved in the prior trial[3] and also from the testimony presented- today, I thihk it’s the same facts so I’m going to deny the motion to quash. : -
DISCUSSION
As stated above, the defendant challenges the trial court’s ruling denying his motion to quash • the bill of information. He argues that, the state failed to meet its burden of proving that the obstruction of justice charge had not prescribed pursuant to LSA-C.Cr.P. art. 572, According to the defendant, the trial court’s denial of the motion to quash violates his right to a fair trial.. .
A defendant may file a motion to quash if the tfee limitation for the institution of prosecution or for the commencement of trial has expired. LSA-C.Cr.P. art. 532(7)-. When timeliness is raised, the state bears the burden of proving the facts necessary to show that the • prosecution was -timely instituted. LSA-C.Cr.P; art. 577. A trial court’s ruling on a motion |Rto quash based on prescription is purely a question of law and is subject to a de novo standard of review. See State v. Hamdan, 2012-1986 (La.3/19/13), 112 So.3d 812; State v. Armstead, 2014-0036 (La.App. 4th Cir.1/28/15), 159 So.2d 502.
Article 572 provides, in pertinent part: A. Except as provided in Articles 571 [4 ] and 571.1[5], no person shall be prosecuted, tried, or punished for an offense not punishable by. death or life imprisonment, unless the prosecution is instituted within the following periods of time after the offense has. been .committed: (1) Six years, for a felony necessarily punishable by imprisonment at hard labor.
[[Image here]]
LSA-C.Cr.P. art. 576 provides:
When a criminal prosecution is timely instituted in a court of proper jurisdic *734 tion. and the prosecution is dismissed -by the district attorney with the defendant’s consent, or before the first witness is sworn at the trial on the merits, or the indictment is dismissed by a court for any error, defect,' irregularity, ‘ or ’deficiency, a new prosecution for the same offense or for a lesser offense based on the same facts may be instituted within the time, established-by this Chapter or within six, months from the date of dismissal, whichever is.longer. A new. prosecution, shall not be instituted under this article following a, dismissal of the prosecution -by, the district attorney unless the state shows that the dismissal was -not for the purpose of avoiding the time limitation |fifor commencement of trial established by Article 578. -
(Emphasis added). Article 576 was enacted to codify the “same facts” test that the Louisiana Supreme- Court had set forth in State v. Murray, 222 La. 950, 64 So.2d 230 (1953).
In State v. Powers, 344 So.2d 1049 (La.1977), a group of individuals burglarized a home in Baton Rouge. The victim returned home during the burglary and the group robbed' and murdered him. The defendant was initially indicted on charges of murder, armed robbery and 'conspiracy to commit armed robbery. The robbery charges were quashed and the state instituted new charges of aggravated burglary and conspiracy to commit aggravated burglary. The defendant moved to quash these charges under LSA-C.Cr.P. art. 581, which contains the same language as Article 576, ie., -it prohibits prosecution for the same or a lesser offense “based on' the same facts” as the offense that had prescribed-.[6] The Supreme Court explained its ruling in State v. Murray, supra, as follows:
The codal language of Article 581 prohibits. reprosecution after an initial indictment is quashed for untimely trial ‘for the same or a lesser offense based on the same facts.’ This same language is used in Article 576 which regulates the filing of new charges following dismissal of a charge, for, among various reasons, the state’s failure to initiate its prosecution against the 17accused within specified statutory time limits.. The official revision comment to that article indicates that the ‘same facts’ language would prohibit a subsequent charge which is based on some of the same facts as the initial charge, even though it is not based on all of them. The comment also reflects the intention of the redactors to codify the rulé in the case of State v. Murray, supra, which is the only case which we have found that specifically interprets this language in either article.
# * • *
It is clear, then, that the codal language envisions a rather broad interpretation, and. that the timeliness provisions cannot be circumvented- merely because the state will be able to prove its case on the later-charged offense without establishing all of the elements that would have been necessary to prove violation of the formerly-charged offense. .We. understand, for example, that if A committed armed robbery of B by holding a gun on him and taking his money, A could not be' charged with assault relative to the *735 same incident following an Article 581 quash of the armed robbery indictment. In most situations, therefore, no further prosecution for the same offense can be made after an Article 581 quash.
We find, however, that the situation before us is not a usual situation. Here, the aggravated burglary of the empty residence had completely taken place before [the victim] returned home.' Every element of the crime was complete before [the victim] returned home. The elements of the aggravated burglary committed here were, presumably, these: the unauthorized entry of an inhabited dwelling with the intent to commit a felony or theft therein while armed with a dangerous weapon. It was only upon, [the victim’s] return that.thq offense of armed robbery took place, and every element of the armed, robbery took place after his return. See R.S. 14:64. Therefore, because these were two separate crimes which occurred at different times and which contained separate elements (even though they were admittedly both part of one extended criminal transaction) we find that the charges for aggravated burglary and conspiracy to commit aggravated burglary were not ‘the same or .... lesser offense(s) based on the .same facts’ as the charges for armed robbery and conspiracy to commit armed robbery.
* * , *
Id. at 1051-52.
| sIn. the instant case, the following specific chronology is relevant to the resolution of the motion to quash: '
February 10, 2007 — Abney was murdered (or his body was discovered)
January 16, 2013 — the defendant was indicted for the first degree murder of Abney
November 5, 2013 — the state filed an amended bill charging the defendant with second degree murder-
June 2, 2015 — the state dismissed the amended, indictment and filed an amended bill of information charging the defendant with obstruction of justice (tampering with evidence).
Thus, it is undisputed that the bill of information was filed more than six years from the date of the offense. As the defendant pointed out, the bill of information charging him with obstruction of justice was filed' over eight years' after the alleged offense. Conséquently, the failure to file the 'bill of information within six years from the date the offense whs committed renders it untimely under LSA-C.Cr.P. art. 572.
Therefore, we must determine whether the provisions set forth in LSA-C.Cr.P. art. 576 prevents the prescription of the obstruction charge. As stated above, pursuant to.Article 576, when an indictment is dismissed, a new prosecution “for the same offense or for a lesser offense based on the same facts may be instituted” within the time limitation period or within six months from the date of dismissal, whichever is -later. Therefore, if the obstruction charge is “based on the same facts” as the murder charge, | ^prosecution of .the obstruction charge may proceed. - - •
It is further undisputed that the offense of obstruction of justice/tampering with evidence arose because of the murder.' However, obstruction of justice- is a separate and distinct offense, with different elements, from second degree murder. While the elements of the offense are not the controlling inquiry, additional facts (different' from second degree murder) *736 must be proven to convict the defendant of obstruction of justice/tampering with evidence.[7] See State v: Powers, supra.
11 (Additionally, as in State v. Powers, supra, the offense of second degree murder (the offense charged in the amended bill of indictment) had been completed when the facts giving rise to the obstruction charge arose. The testimony presented at the hearing established that the victim had been killed before his body was placed in the freezer. Therefore, the facts supporting the obstruction charge — the alleged removal of the freezer to hide or tamper with the fingerprint — necessarily occurred after the murder was committed and would require additional physical and testimonial evidence to prove. Under the reasoning set forth in State v. Powers, supra, the offense of obstruction of justice is not based on the same facts as the offense of second degree murder. Therefore, under Article 576, a new prosecution cannot be instituted. Accordingly, we find that the trial court erred in denying the defendant’s motion to quash.[8]
CONCLUSION
For the foregoing reasons, we hereby grant the writ and make it peremptory. The defendant’s motion to quash is granted and the bill of information is hereby dismissed.
WRIT GRANTED AND . MADE PEREMPTORY; MOTION TO QUASH GRANTED; BILL OF INFORMATION DISMISSED.
BROWN, C.J., dissents with written reasons.

. By order dated August 27, 2015, this court granted a writ of certiorari, and docketed, this matter for review and disposition by opinion.

. It is not clear from the record when the freezer was removed from its location, or by whom. Some witnesses believe that the police officers removed the freezer during the investigation; however, that fact is not borne out by a review of the record.

. Deputy Davis testified that prior-to 2009, another defendant, named Ronnie Brooks, was charged, tried and found not guilty of the murder of Abney. Presumably, this statement by the trial judge meant that he had been involved with the trial of Brooks,

, LSA-C.Cr.P. art. 571 provides:
There is no tíme limitation upon the institution of prosecution for any crime for which the punishment may be death or life imprisonment or for the crime of forcible or second degree rape (R.S. 14:42.1).

.LSA-C.Cr.P. art. 571.1 pertains to the time within which to institute the prosecution of certain enumerated sex offenses.

. LSA-C.Cr.P. art. 581 provides:
Upon the expiration of the limitations established by this Chapter, the court shall, upon motion of the defendant, dismiss the indictment. This right of dismissal is waived unless the motion to quash is made prior to trial. If the indictment is dismissed under this article, there shall be no further prosecution against the defendant for the same or a lesser offense based on the same facts.

. LSA-R.S, 14:30.1 provides:
A. Second degree murder is the intentional killing of a human being:
(1) When the offender has a specific intent to kill or to inflict great bodily harm; or
(2) When the offender is engaged in the perpetration or attempted perpetration of aggravated or first degree rape, forcible or second degree rape, aggravated arson, aggravated burglary, aggravated kidnapping, second degree kidnapping, aggravated escape, assault by drive-by shooting,. armed robbery, first degree robbery, second degree robbery, simple robbery, cruelty to juveniles, second degree cruelty to juveniles, or terrorism, even though he has no intent to kill or inflict great bodily harm.
LSA-R.S. 14:130.1 provides:
A. The crime of obstruction of justice is any of the following when committed with the knowledge that such act has, reasonably . may, or will affect an actual or potential present, past, or-future criminal proceeding as hereinafter described:
(1) Tampering with evidence with the specific intent of distorting the results of'any criminal investigation or proceeding which may reasonably prove relevant to a criminal investigation or proceeding. Tampering with evidence shall include the intentional alteration, movement, removal, or addition of any object or substance either:
(a) At the location of any incident which the perpetrator knows or has good reason to believe will be the subject of any investigation by state, local, or United States law enforcement officers; or
(b) At the location of storage, transfer, or place of review of any such evidence.

. In light of this decision, the defendant’s argument that the prosecution of the obstruction charge violates his right to a fair trial is moot.